UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LLOYD GEORGE MAXWELL, | ) | CASE NO. 4:06 CV 2146 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On September 6, 2006, plaintiff pro se Lloyd George Maxwell filed this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and §2671, against the United States, and the Federal Bureau of Prisons ("BOP"). In the complaint, plaintiff alleges that the defendants have been deliberately indifferent to his serious dental needs in violation of the Eighth Amendment. He seeks monetary and injunctive relief.

*Background*

Mr. Maxwell is an inmate incarcerated at FCI-Elkton.  He contends that he is missing four lower posterior teeth which makes it difficult for him to properly chew his food.  He indicates that impressions for a partial plate were taken in July 2001.  He was told he would be called when the dentures were ready, but did not receive a call.  He sent a request to the dental department in July 2003, inquiring about the status of his partial plate and indicating he was having

great difficulty eating his food. Mr. Maxwell claims he received no reply. He states he began to file administrative grievances in June 2004. His request for a partial denture was denied by Dr. Houck. That decision was upheld by Warden T.R. Sniezek, and the Bureau of Prisons Regional and National Offices.

Mr. Maxwell also contends that the Medical Department at the Elkton Ohio Federal Correctional Institution ("FCI-Elkton") has been deliberately indifferent to his medical needs by failing to conduct a regular screening for colon cancer. He contends that he had a colonoscopy at the Salem Community Hospital on June 8, 2005 because he had complained of rectal bleeding and feared that he had developed colon cancer. The colonoscopy revealed that Mr. Maxwell did not have colon cancer but instead suffered from internal hemorrhoids. A small non-cancerous polyp was also discovered and removed. The physician's report indicated that his colon showed no signs of disease, colitis, or other abnormalities. (Compl. Ex. B.) The physician recommended that Mr. Maxwell follow a high fiber diet and be treated symptomatically for the hemorrhoids. He also recommended that Mr. Maxwell repeat the colonoscopy in two years. Although it has not been two years since the colonoscopy, Mr. Maxwell contends that the prison is deliberately indifferent to his serious medical needs because they have not made arrangements for him to have another procedure.

### *Analysis*

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); see Hagans v. Lavine, 415

U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

Mr. Maxwell indicates that this is his second lawsuit in federal court. The first case, No. 4:05 CV 1543, was brought against the FCI-Elkton Dental Department, Dentist Charles Houck, and Warden T.R. Sniezek. His claims under the Federal Tort Claims Act were dismissed without prejudice in August 2005 because he failed to establish that he had exhausted his administrative remedies. His Bivens claims against the FCI-Elkton Dental Department, and T.R. Sniezek were dismissed with prejudice pursuant to 28 U.S.C. §1915(e). Dr. Houck subsequently filed a motion for summary judgment which was granted on April 26, 2006. This court determined that there was no cognizable claim against Dr. Houck because the FTCA provides the exclusive remedy for claims against public health service officers and because Mr. Maxwell failed to demonstrate that Dr. Houck was deliberately indifferent to serious dental needs. The claims against Dr. Houck were dismissed with prejudice.

Mr. Maxwell now seeks to bring his claim for deliberate indifference to serious dental needs against the United States under the FTCA. While this court did acknowledge in its Memorandum of Opinion and Order that the claims against Dr. Houck should have been brought under the FTCA, it went on to also address those claims on their merits and dismiss them with prejudice. The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918

F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Because Mr. Maxwell's Eighth Amendment claim against Dr. Houck was addressed on its merits and dismissed with prejudice, he is precluded from litigating that claim for a second time in an action filed under the FTCA.

While Mr. Maxwell's claims concerning his colonoscopy, his diet and his request for regular screenings for cancer were not addressed in this court's prior opinion, they cannot proceed in an FTCA action, because Mr. Maxwell has not demonstrated that he exhausted his administrative remedies for these claims. Before a party may bring such an action, the claim must first be submitted in writing to the proper federal agency. 28 U.S.C. § 2675(a). The administrative prerequisites of § 2675 are met if the claimant (1) gives the agency written notice of her or claim that is sufficient to enable the agency to investigate and (2) places a value on her claim. Douglas v. United States, 658 F.2d 445, 447 (6th Cir. 1981). Mr. Maxwell attaches a copy of a claim for damages submitted to the BOP in August 2005 regarding his dental condition. The form does not mention any other health concerns. An FTCA plaintiff must demonstrate exhaustion of administrative remedies for each of his claims and must do so in his pleading. See Joelson v. United States, 86 F.3d 1413, 1422 (6th Cir.1996). If he fails to do so, dismissal is appropriate. See, e.g., McNeil v. United States, 508 U.S. 106, 113 (1993); Wilson v. United States, 93 Fed.

App'x 53, 54 (6th Cir. Mar.10, 2004); Pryor Oil Co. v. United States, 299 F.Supp.2d 804, 810 (E.D.Tenn. Oct.27, 2003).

### *Conclusion*

Accordingly, plaintiff's claims based for denial of adequate dental care are dismissed with prejudice pursuant to 28 U.S.C. § 1915A. His claim concerning his diet and regular health screenings are dismissed without prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Dated: December 13, 2006                              s/     James S. Gwin
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE

---

[1]  28 U.S.C. § 1915(a)(3) provides:

   An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.